IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ALFONSO CRUZ                                                                                              PLAINTIFF

V.                                              No.  16-5229

JUDGE MARK LINDSAY,
PROSECUTOR MATT DURRETT
PROSECUTOR SHANE KERR,
PUBLIC DEFENDER DANIEL R. FIELD, and
PROBATION OFFICER MORRIS                                                            DEFENDANTS

**REPORT AND RECOMMENDATION**

The Petitioner filed a Complaint under 42 U.S.C. §1983 (Doc. 1) on September 1, 2016. IFP status was granted on September 1, 2016 but no service was authorized. (Doc. 2). After further review the matter is now ready for Report and Recommendation.

**I.  Background**

According to the Washington County Detention Center web site the Petitioner was booked into the WCDC on February 23, 2016 on various charges.  It also appears that in June an Arkansas Department of Correction's, along with other agencies, placed a hold on him.[1] The Petitioner files this §1983 claim against an Arkansas Circuit Judge, two Prosecuting Attorneys, a Public Defender, and an Arkansas Parole Officer. He filed a claim for A) False Imprisonment (Doc. 1, p. 4), and B) Illegal Search and Seizure (Id., p. 7).  His prayer for relief states that he wants an "Investigation of my charges to clear my name. Re open my sex charge. Federal Investigation of Washington County Legal System including judges and prosecutor and

---

[1]( See https://www.so.washington.ar.us/res/Detainee.aspx?bn=4174941).

Washington County Jail." (Id., p. 17).

It is unclear if the Petitioner's Parole has been revoked but the Petitioner does assert in his False Imprisonment claim that Judge Lindsay "Revoked my probation for a crime I have not been committed of." (Doc, 1, p. 4). The court assumes that the Petitioner is contesting the facts that led to his revocation and that he has not been convicted yet of the underlying charges.

## II.  Discussion

Pursuant to 28 U.S.C. § 1915(e), the Court has the obligation to screen any complaint in which the Plaintiff seeks to proceed *in forma pauperis* (IFP). Section 1915(e)(2)(B)(I-iii) provides that on review, the court "shall dismiss the case at any time if the court determines that . . . the action or appeal–(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

In *Heck v. Humphrey* the U.S. Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under a§ 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if

the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.*"* *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372-73, 129 L. Ed. 2d 383 (1994)

The Heck rule was applied by the 8th Circuit in 2007 which held that "Applying Heck, we agree with the district court that the favorable-termination rule bars Entzi's suit. If Entzi's challenge to the State's decision on sentence-reduction credits were to succeed, it "would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487, 114 S.Ct. 2364. Therefore, the claim may be pursued **only in an action for habeas corpus relief**." *Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007). It is noteworthy that the Entzi case involved a parole violation on allegations of false testimony and is on point with the Plaintiff's contentions.

The Plaintiff's assertions contest the validity of his revocation and his contention is that he was illegally revoked because he has not been convicted of the underlying offense. To revoke probation or a suspended sentence, the burden is on the State to prove a violation of a condition by a **preponderance** of the evidence, and on appellate review the trial court's findings will be upheld unless they are clearly against the preponderance of the evidence. *Lemons v. State*, 310 Ark. 381, 836 S.W.2d 861 (1992). Evidence that is insufficient to support a criminal conviction may be sufficient to support a revocation. Id. *Thompson v. State*, 342 Ark. 365, 368-69, 28 S.W.3d 290, 292 (2000). The circuit judges finding that, by a preponderance of the evidence, the Petitioner had violated his previously imposed suspended sentence has not been shown to be unsupported by the evidence. Even so, since the Plaintiff has failed to allege or show that his revocation has been invalidated and his claim under section 1983 cannot proceed.

The Petitioner's claim also fails because the judge, prosecuting attorney, and defense attorney have immunity. "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). *See Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of [his] authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Likewise, state prosecutors, are similarly protected. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430.

The Petitioner's complaint against his Public Defender seems to be that he is attempting to convince the Petitioner to take a plea on the underlying charge. (Doc. 1, p. 7). To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a federal right. In *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. Thus, Petitioner's claim that his public defender did not adequately represent him in his criminal proceedings does not state a cognizable claim under § 1983. *See also Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976)(conclusory allegations of ineffective

assistance of counsel do not state a claim against public defenders under § 1983).

### III. Conclusion

Accordingly, I recommend that the complaint be dismissed as the claims asserted are frivolous or fail to state claims upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(I-ii). Dismissal of this case will constitute a strike under 28 U.S.C. § 1915(g).  For this reason, the Clerk should be directed to put a § 1915(g) strike flag on the case.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this September 29, 2016

*/s/ J. Marschewski*
HON. JAMES R. MARSCHEWSKI
U. S. MAGISTRATE JUDGE